UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOANNA L. PFEISTER,<br><br>    Plaintiff,<br><br>    v.<br><br>RSUI INDEMNITY COMPANY,<br><br>    Defendant. | Case No. 20-cv-03387-LB<br><br>**ORDER GRANTING MOTION TO STRIKE JURY DEMAND; DENYING MOTION TO BIFURCATE; DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 30, 31, 33 |

Plaintiff Joanna Pfeister, who is representing herself, sued RSUI Indemnity company, which insures her condominium association, for its failure to defend her in a state criminal lawsuit.[1] There are three pending motions: (1) RSUI's motion to strike Ms. Pfeister's jury demand as untimely; (2) Ms. Pfeister's motion to bifurcate liability and damages at trial; and (3) Ms. Pfeister's motion for relief from the court's previous order denying her motion for a preliminary injunction.[2] The court can decide the motions without oral argument, *see* Civ. L. R. 7-1(b), and grants RSUI's motion and denies Ms. Pfeister's motions.

---

[1] Notice of Removal – ECF No. 1 at 2; State Compl. – ECF No. 1-1 at 2–9. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mots. – ECF Nos. 30–31, 33. Ms. Pfeister filed an "objection" to the court's preliminary-injunction order that is identical to her motion for relief from the court's previous order. Obj. – ECF No. 36.

ORDER – No. 20-cv-03387-LB

### 1. Motion to Strike Jury Demand

The issue is whether Ms. Pfeister's jury demand was timely. It is not.

In a removed action where "all necessary pleadings have been served at the time of removal," a party seeking a jury trial must serve a jury demand within 14 days after being served with the notice of removal. Fed. R. Civ. P. 38(b)(1), 81(c)(3)(B); *Hansen v. Safeway, Inc.*, No. C 10-0377-RS, 2010 WL 2593611, at *2 (N.D. Cal. June 22, 2010); *cf. Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (applying an earlier (10-day) version of Rule 38 to removed action, held that California law requires an "express" jury demand), *overruled on other grounds by Uelko Corp. v. Rooney*, 912 F.2d 1049, 1052–53 (9th Cir. 1990). If a jury demand is untimely, the court has "narrow" discretion to order a jury trial. Fed. R. Civ. P. 39(b); *Lewis*, 710 F.2d at 556. The court may not "grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Lewis*, 710 F.2d at 556–57.

Here, the parties did not demand a jury trial in state court before removal of the case to federal court.[3] Ms. Pfeister made a jury demand on July 10, 2020, which is 52 days after RSUI served her with the notice of removal on May 19, 2020.[4] Even with the extra time allowed by mail service under Federal Rule of Civil Procedure 6(d), her jury demand is not timely, and there are no reasons for the delay beyond oversight or inadvertence.[5] *Cf. Hansen*, 2010 WL 2593611 at *3 (failure to understand the requirements of Rule 38 and 81 does not excuse the untimely jury demand). Ms. Pfeister also contends that the court should exclude the time while her preliminary-injunction motion was pending, but no legal authority supports that position.[6]

In sum, Ms. Pfeister's jury demand was untimely. The court grants RSUI's motion to strike.

---

[3] State Compl. – ECF No. 1-1 at 2–9; State Answer – ECF No. 1-3 at 2–4.

[4] Jury Demand – ECF No. 29; Certificate of Service – ECF No. 5.

[5] *See* Pfeister Decl. – ECF No. 40-1 at 1 (¶ 1).

[6] Opp'n – ECF No. 40 at 4–5.

### 2. Motion to Bifurcate

A court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Because any trial is a bench trial, there is no risk of jury confusion, and bifurcation thus is unnecessary. *Cf. Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (affirming the trial court's bifurcation order to avoid the "danger of unnecessary jury confusion").

### 3. Motion for Relief From Nondispositive Order

The court previously denied Ms. Pfeister's motion for a preliminary injunction requiring RSUI to defend her in the state lawsuit.[7] Ms. Pfeister moves, under Federal Rule of Civil Procedure 72(b), for relief from the court's "nondispositive" order denying her motion from preliminary injunction.[8] Because the parties consented to the undersigned's jurisdiction, the order is dispositive, and Rule 72(b) does not apply.[9] If Ms. Pfeister wants to appeal the order, then she must appeal to the Ninth Circuit, a procedure that is reflected on the parties' consent forms. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

*   *   *

In sum, the court grants RSUI's motion to strike Ms. Pfeister's jury demand and denies Ms. Pfeister's motions to bifurcate and for relief under Federal Rule of Civil Procedure 72.

**IT IS SO ORDERED.**

Dated: August 5, 2020

LAUREL BEELER
United States Magistrate Judge

---

[7] Order – ECF No. 28.

[8] Mot. – ECF No. 33; Order – ECF No. 28.

[9] Consents – ECF Nos. 10, 15, 16.