UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOANNA L. PFEISTER,  Plaintiff,  v.  RSUI INDEMNITY COMPANY,  Defendant. | Case No. 20-cv-03387-LB  **ORDER GRANTING LEAVE TO AMEND COMPLAINT**  Re: ECF No. 75 |

**INTRODUCTION**

Plaintiff Joanna Pfeister, who is representing herself, sued RSUI Indemnity company, which insures her condominium association, for its failure to defend her in a state criminal lawsuit.[1] She moves to amend her complaint to add two RSUI executives, Dave Leonard and Andy Whittington, as defendants.[2] The court can decide the motions without oral argument. *See* Civ. L.R. 7-1(b). The court grants the motion.

---

[1] Notice of Removal – ECF No. 1 at 2; State Compl. – ECF No. 1-1 at 2–9. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 75 at 2.

ORDER – No. 20-cv-03387-LB

**STATEMENT**

The court summarized the factual and procedural background of the case in its previous order and incorporates that summary here by reference.[3] Ms. Pfeister moves to add two defendants to her lawsuit: (1) Dave Leonard, RSUI's underwriting manager, and (2) Andy Whittington, RSUI's strategic officer.[4] Her proposed amended complaint is otherwise identical to her original complaint.[5]

**ANALYSIS**

**1. Governing Law**

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id*; *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d. 877, 880 (9th Cir. 1999) (consideration of the factors "should be performed with all inferences in favor of granting the motion [for leave to amend]"). The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187.

---

[3] Order – ECF No. 28 at 2–5.

[4] Mot. – ECF No. 75 at 2.

[5] Proposed Am. Compl. – ECF No. 97-1 at 2–9.

ORDER – No. 20-cv-03387-LB                    2

## 2. Analysis

RSUI opposes Ms. Pfeister's amendment on the grounds that (1) Ms. Pfeister does not show that the court has personal jurisdiction and venue over the new defendants, (2) she cannot state a claim against the new defendants because they were not involved in the insurance policy at dispute here, and (3) the plaintiff's motion is part of a delay tactic.[6] The court allows the amendment.

RSUI's arguments are well taken. Nevertheless, given the relatively early stage of the case, RSUI's challenges to the amended complaint are more appropriately addressed in a motion responding to the amended pleadings. Indeed, RSUI admits that "it may attack the amended complaint with motions under Rule 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6) and 12(e)."[7] That RSUI may need to move to dismiss is not prejudicial under the circumstances. *Cf. Stowers v. WinCo Foods LLC*, No. 13-cv-02631-TEH, 2014 WL 1569474, at *3 (N.D. Cal. Apr. 17, 2014) (granting leave to amend in part because it is not prejudicial or "unduly burdensome" for the defendant to "assert Rule 12(b) defenses in a properly noticed motion prior to answering the amended complaint"). The current record also does not support a "strong showing" of bad faith or delay. Moreover, the policy favoring amendment under Rule 15 "is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

Accordingly, the court grants Ms. Pfeister leave to amend her complaint.

## CONCLUSION

The court grants Ms. Pfeister's motion. The proposed amended complaint at ECF No. 97-1 is deemed the operative complaint. RSUI must respond to the complaint within 14 days of this order as provided under Fed. R. Civ. P. 15(a)(3).

**IT IS SO ORDERED.**

Dated: October 2, 2020

LAUREL BEELER
United States Magistrate Judge

---

[6] Opp'n – ECF No. – ECF No. 78 at 4–7.

[7] *Id*. at 4.

ORDER – No. 20-cv-03387-LB                 3