UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOANNA L. PFEISTER, | Case No. 20-cv-03387-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| RSUI INDEMNITY COMPANY, et al., | Re: ECF No. 121 |
| Defendants. | |

**INTRODUCTION**

The plaintiff Joanna Pfeister, who is representing herself, sued RSUI Indemnity Company, which insures her condominium association, for its failure to defend her in a state criminal lawsuit.[1] Ms. Pfeister amended her complaint to add two RSUI executives, Dave Leonard and Andy Whittington, as defendants.[2] They now move to dismiss on the grounds that (1) there is no personal jurisdiction over them in California, and (2) the complaint does not allege any facts related to them. The court grants the motion without leave to amend.

---

[1] Notice of Removal – ECF No. 1 at 2 (¶ 6); State Compl. – ECF No. 1-1 at 2–9; Am. Compl. – ECF No. 104 at 2–8. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 99; Am. Compl. – ECF No. 104 at 1.

ORDER – No. 20-cv-03387-LB

**STATEMENT**

The court summarized the factual and procedural background of the case in its previous order and incorporates that summary here by reference.[3] The only new facts are adding the new defendants, and Ms. Pfeister's amended complaint is otherwise identical to her original complaint.[4]

**ANALYSIS**

The new defendants move to dismiss because (1) there is no general or specific personal jurisdiction over them in California, and (2) Ms. Pfeister fails to allege any facts regarding the defendants that relate to her claims. The court dismisses the new defendants for lack of personal jurisdiction.

**1. Personal Jurisdiction**

The court lacks personal jurisdiction over the defendants.

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (cleaned up). The parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds as recognized in Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2001).

"'Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza*, 793 F.3d at 1068 (cleaned up). "[U]ncontroverted allegations must be taken as true, and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Id*. But courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit[.]" *Mavrix Photo, Inc. v. Brand*

---

[3] Order – ECF No. 28 at 2–6; *see also* Order – ECF No. 150 (granting RSUI's summary-judgment motion on the merits of the dispute).

[4] Am. Compl. – ECF No. 104 at 1–8.

ORDER – No. 20-cv-03387-LB                 2

*Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (cleaned up); *accord Ranza*, 793 F.3d at 1068 ("A plaintiff may not simply rest on the 'bare allegations of the complaint.'").

In diversity cases, "federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (cleaned up). "The general rule is that personal jurisdiction is proper if permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2005) (analyzing the California and federal long-arm statutes). "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,' [a court's] inquiry centers on whether exercising jurisdiction comports with due process." *Picot*, 780 F.3d at 1211 (cleaned up). The due-process inquiry is whether the defendant has sufficient minimum contacts with the forum such that the assertion of jurisdiction in the forum "'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1154–55 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1779–80 (2017). In her opposition, Ms. Pfeister contends that the court has both general and specific jurisdiction. It does not.

First, there is no general jurisdiction. "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim took place in a different jurisdiction. *Id.* at 1780 (emphasis in original) (cleaned up). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id*.; *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts") (cleaned up), *abrogated on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Here, the defendants represent — and Ms. Pfeister does not dispute — that

they are residents of Georgia.[5] Indeed, the proofs of service show that the defendants were served in Atlanta, GA.[6] Ms. Pfeister also does not allege otherwise in her amended complaint.[7] There is thus no allegation or evidence that the defendants are domiciled in or has continuous and systematic contacts with California.

Second, there is no specific jurisdiction.

"In order for a state court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers*, 137 S. Ct. at 1780 (emphasis in original) (cleaned up). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. "For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.*" Id.* The Ninth Circuit employs a three-prong test to assess whether a defendant has sufficient contacts with the forum to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211. "The plaintiff has the burden of proving the first two prongs." *Id.* at 1211–12. "If he does so, the burden shifts to the defendant to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable.'" *Id.* at 1212 (cleaned up). With respect to the first prong, courts generally apply a "purposeful availment" analysis in suits sounding in contract and a "purposeful direction" analysis (also known as the "effects test") in suits sounding in tort

---

[5] Mot. – ECF No. 121.

[6] Proofs of Service – ECF Nos. 118–119.

[7] Am. Compl. – ECF No. 104 at 1–8.

1  (including claims of fraud). *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th

2  Cir. 2004); *see RHUB Commc'ns, Inc. v. Karon*, 16-cv-06669-BLF, 2017 WL 3382339, at *5

3  (N.D. Cal. Aug 7, 2017).

4      Ms. Pfeister alleges contract and tort claims against the defendants. She has not, however,

5  alleged any facts or presented any evidence of how the new defendants purposefully availed

6  themselves or directed their activities to California.[8] The complaint is devoid of any facts related

7  to the defendants and their involvement with RSUI's denial of Ms. Pfeister's claim. At most, Ms.

8  Pfeister attached a letter she wrote to Mr. Leonard disputing RSUI's decision on March 21, 2020.[9]

9  This is insufficient and does not show how Mr. Leonard himself made contacts with California.

10 *Cf. Walden v. Fiore*, 571 U.S. 277, 284 (The minimum contacts required to create specific

11 jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State")

12 (cleaned up) (emphasis in original).

13     In sum, the court grants RSUI's motion to dismiss because there is no personal jurisdiction

14 over the defendants.

## 2. Failure to State a Claim

17     In any event, Ms. Pfeister fails to state a claim against the defendants because she has not

18 alleged any facts relating to the defendants and her claims.

19     A complaint must contain a "short and plain statement of the claim showing that the pleader is

20 entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

21 which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

22 complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

23 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

24 recitation of the elements of a cause of action will not do. Factual allegations must be enough to

25 raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

---

[8] *Id.*

[9] March 21, 2020 Letter, Ex. D to Am. Compl. – ECF No. 104-4 at 2–4.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

Here, Ms. Pfeister fails to allege any facts regarding the individual defendants. This does not withstand the pleadings standard or give the defendants fair notice of Ms. Pfeister's claims against them.

Accordingly, the court grants the motion for failure to state a claim.

## CONCLUSION

The court grants the defendant's motion to dismiss. The court gave leave to amend previously, and there is no personal jurisdiction over the defendants. The dismissal is with prejudice because any amendment would be futile. *Cf. Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 956 (N.D. Cal. 2017) (dismissing complaint without leave to amend where there is no personal jurisdiction over the defendants). The court also separately granted RSUI's motion for summary judgment on the merits of the complaints. Order – ECF No. 150.

**IT IS SO ORDERED.**

Dated: December 29, 2020

_____
LAUREL BEELER
United States Magistrate Judge